# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 25, 2024

Lyle W. Cayce
Clerk

No. 23-20432
Summary Calendar

———————

Alejandro Evaristo Perez,

*Plaintiff—Appellant*,

*versus*

Disney Corporation; Walt Disney Company; Disney Enterprises, Incorporated; Disney ABC Incorporated; Disney Store USA, L.L.C.; Disney/ABC International Television, Incorporated, *doing business as* Disney - ABC International Television; Buena Vista Television, L.L.C., *doing business as* Disney - ABC Domestic Television; Magical Cruise Company, Limited, *doing business as* Disney Cruise Lines (DCL); Buena Vista Theatrical Group, Limited, *doing business as* Disney Theatrical Group,

*Defendants—Appellees*.

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-765

———————

No. 23-20432

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Alejandro Evaristo Perez filed a pro se civil fourth amended complaint against numerous defendants, referred to collectively as Disney. The complaint alleged that Disney violated the copyright laws, intentionally inflicted emotional distress (IIED), and engaged in restraint of trade. Disney filed a motion to dismiss the fourth amended complaint under Federal Rules of Civil Procedure 12(b)(2) and (6), among other things. Disney also filed a motion to stay all responsive deadlines and additional substantive motions pending resolution of the motion to dismiss. The district court granted the stay.

Following a hearing, the district court granted Disney's motion to dismiss. The district court found that, except for Disney ABC Incorporated (Disney ABC), Perez had again failed to allege any contacts between the defendants listed in the fourth amended complaint and the State Texas and dismissed the complaint against them without prejudice for lack of personal jurisdiction. With respect to Disney ABC, the district court found that Perez had failed to allege claims on which relief can be granted for copyright infringement under 17 U.S.C. § 106A, for IIED, and for conspiracy to restrain trade under 15 U.S.C. § 1. The district court dismissed these claims against Disney ABC with prejudice.

A district court's dismissal for lack of personal jurisdiction is reviewed de novo. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 867 (5th Cir. 2001). "The burden of establishing personal jurisdiction over a non-resident defendant lies with the plaintiff." *In re Chinese-Manufactured*

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

*Drywall Prods. Liab. Litig.*, 753 F.3d 521, 529 (5th Cir. 2014) (internal quotation marks, citation, and emphasis omitted). The district court was not clearly erroneous in the factual finding that the relevant defendants had insufficient contacts with Texas and committed no error in dismissing this portion of Perez's complaint without prejudice for lack of personal jurisdiction. *See Pervasive Software, Inc. v. Lexware GmbH & Co. KG*, 688 F.3d 214, 219-20 (5th Cir. 2012).

A party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We review a district court's dismissal for failure to state a claim pursuant to Rule 12(b)(6) de novo. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). The district court did not err in finding that none of the claims against Disney ABC were facially plausible. *See Bell Atlantic Corp.*, 550 U.S. at 570.

Perez has not shown that the district court acted in a biased and unjust way by staying proceedings pending the resolution of the motion to dismiss and denying his motion for summary judgment as moot. Judicial rulings alone almost never are a valid basis for a claim of bias. *Liteky v. United States*, 510 U.S. 540, 555 (1994); *Andrade v. Chojnacki*, 338 F.3d 448, 455 (5th Cir. 2003).

The judgment of the district court is AFFIRMED.